**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**AMERISURE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                        Case No.  8:12-cv-2652-T-30MAP

**OLD REPUBLIC INSURANCE
COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Old Republic Insurance Company's Motion for Summary Judgment (Dkt. 23) and Plaintiff Amerisure Insurance Company's Motion for Summary Judgment (Dkt. 25).  The Court, having reviewed the parties' motions, respective responses, Amerisure's reply, and the record evidence, concludes that Old Republic's motion should be granted and Amerisure's motion should be denied.

## BACKGROUND

This is a declaratory judgment action between two insurance companies requesting that the Court decide a coverage dispute.  The material facts are largely undisputed and the parties agree that the issue is ripe for the Court's determination.  The action arises from an underlying auto and tractor-trailer accident.  At the time of the accident, the tractor was owned by Ryder Truck Rental, Ltd. and the trailer was owned by an affiliate of Star Transportation Company and Star Distribution Systems, Inc. (collectively "Star").  The

tractor owned by Ryder was leased to Star pursuant to a Truck Lease and Service Agreement ("TLSA").

A lawsuit was filed against Ryder and Star, among others, for damages arising out of the accident. At the time of the accident, Ryder was insured under a business auto insurance policy issued by Defendant Old Republic Insurance Company, with a policy limit of $1,000,000 per occurrence and Star was insured under a business auto insurance policy issued by Plaintiff Amerisure, with a policy limit of $1,000,000 per occurrence. The salient issue is the priority of the liability coverage of the tractor-insurer's policy and the trailer-insurer's policy for the accident.

Amerisure's complaint seeks a declaration that: (a) the Old Republic Policy provides primary coverage for damages arising out of the accident with regard to *both* the tractor owned by Ryder and the attached trailer owned by Star's affiliate; (b) the Amerisure policy provides excess coverage for damages arising out of the accident with regard to the trailer attached to the Ryder tractor; (c) as the sole primary carrier, Old Republic has a duty to defend in the underlying action; and (d) should a judgment be entered against the defendants in the underlying action, Amerisure will provide coverage in excess of $1,000,000.

With respect to insurance, the TLSA provides the following in Section 10 "Insurance":

> A. <u>Liability Insurance Responsibility</u>
>
> (1) A standard policy of automobile liability insurance (hereinafter Liability Insurance) with limits specified on each Schedule A will be furnished and maintained by the party designated on Schedule A [Ryder] at its sole cost, written by a company satisfactory to Ryder, covering both Ryder and Customer as

> insureds for the ownership, maintenance, use or operation of the Vehicles and any substitute vehicle. Such policy will provide that the coverage is primary and not additional or excess over insurance otherwise available to either party . . .

(Dkt. 1-3, p. 7/11).

The relevant portions of the Old Republic policy are as follows:

**Section II - LIABILITY COVERAGE**

**A      Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

(Dkt. 1-5, p.12/66).

**SECTION V - DEFINITIONS**

**B.**     "Auto" means a land motor vehicle, "trailer" or semitrailer designed for travel on public roads but does not include "mobile equipment".

(Dkt. 1-5, p.54/66).

**ENDORSEMENT C-7**

**DRIVERLESS AUTOS**

It is agreed that such automobile liability insurance as it is afforded by this Policy, including the Exclusions and Conditions applicable thereto, for bodily injury liability and property damage liability, applies to any one or more persons or organizations leasing/renting an automobile from a Named Insured subject to the following provisions:

1.      Unless the lease/rental agreement states in writing that such lessee/renter is to be provided with automobile liability insurance by such Named Insured, no insurance shall be afforded under this Policy to such lessee/renter, his agents or employees, or to any persons or organizations legally

        responsible for the use of the vehicles so leased/rented by such lessee/renter.

2. In addition to the other terms of this Policy, the insurance afforded to such lessee/renter, his agents or employees, or to any person or organizations legally responsible for the use of an automobile so leased/rented by such lessee/renter shall also be subject to the terms, including the limit or limits of liability, conditions, restrictions, and limitations in the lease/rental agreements, providing the coverage afforded under this Policy is not thereby enlarged or extended.

3. The insurance afforded to such lessee/renter applies only to the maintenance or use of (1) the automobile so leased/rented and (2) trailers owned by the lessee/renter or for which he is legally liable, but only while such trailer is attached to the leased/rented automobile referred to in part (1) of this Paragraph. *The Insurance under part (2) of this Paragraph is excess over any other valid and collectible insurance the lessee/renter may have whether such coverage is on a primary, excess or contingent basis.*

(Dkt. 23-1) (emphasis added).

    The relevant portions of the Amerisure policy are as follows:

### SECTION II - LIABILITY COVERAGE

A    Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

(Dkt. 1-14, p. 10/106).

**B**    **General Conditions**

**5.**    **Other Insurance**

**a.**    For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the

>> insurance provided by this Coverage Form is excess over any other collectible insurance. *However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:*
>
>> *(1) Excess while it is connected to a motor vehicle you do not own.*
>
>> *(2)* Primary while it is connected to a covered "auto" you own.
>
> **d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share.  Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

(Dkt. 1-14, p. 17/106) (emphasis added).

### SECTION V - DEFINITIONS

> **B.** "Auto" means:
>
>> **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads . . .

*Id.*

The parties have now filed opposing motions for summary judgment on the issue of who is the primary insurer for the damages arising out of the accident related to the trailer. The Court concludes that Amerisure has primary trailer coverage because, when the competing terms of the policies are analyzed, it is clear that the "escape clause" contained in Old Republic's policy (specifically, Endorsement C-7) takes precedence over Amerisure's "excess clause."

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id.*

## DISCUSSION

Under the TLSA and the Old Republic policy (as outlined above), Old Republic must provide primary coverage for the tractor involved in the accident. With respect to coverage for the trailer, Old Republic's "Driverless Autos" endorsement (Endorsement C-7) clearly states that said coverage is "excess over any other valid and collectible insurance the lessee/renter may have whether such coverage is on a primary, excess or contingent basis." (Dkt. 23-1). Under Florida law, this clause is known as an "escape clause". *See, e.g., State Auto. Mut. Ins. Co. v. Ryder Truck Rental, Inc.*, 627 So. 2d 1326, 1327 (Fla. 3d DCA 1993). Notably, the endorsement supersedes any contrary provisions contained in the policy. *See Firemen's Fund Ins. Co. v. Levine & Partners, P.A.*, 848 So. 2d 1186, 1187 (Fla. 3d DCA 2003) (". . . terms of an endorsement . . . control over anything purportedly to the contrary

in any other insuring agreement"); *see also Cont'l Cas. Co. v. Weekes*, 74 So. 2d 367, 368 (Fla. 1954).

Under Amerisure's policy, coverage for the trailer is considered "excess" because the trailer is connected to a vehicle, i.e., the tractor, that the insured does not own. Under Florida law, this clause is known as an "excess clause". *See Ryder Truck Rental, Inc.*, 627 So. 2d at 1328.

As Old Republic points out, Florida law is clear that escape clauses defeat a mere excess clause like the one contained in Amerisure's policy. *See id.*; *see also Cont'l Cas. Co. v. Old Republic Ins. Co.*, 2007 WL 4365719, at *7 (S.D. Fla. Dec. 11, 2007) *aff'd* 315 Fed. Appx. 232 (11th Cir. 2009). In *Old Republic Ins. Co.*, a factually similar case to the instant case, the court concluded that the "escape clause" found in an endorsement to the Old Republic policy was enforceable.

In *Ryder Truck Rental*, another similar case, the court noted:

> In the present case the Old Republic policy provides primary coverage for the tractor. Owing to an escape clause, the Old Republic policy does not afford coverage for the H.E.S.-owned semi-trailer under the circumstances of this case.
>
> . . .
>
> While the State Auto policy contemplates that its liability coverage for the semi-trailer will be excess while the trailer is attached to the leased tractor, there is no other underlying coverage for the semi-trailer. Accordingly, the State Auto policy must be accessed to provide coverage for the trailer, in essence reclassifying the coverage from secondary to primary.

627 So. 2d at 1327-28.

Here, Amerisure is in the same position as that of State Auto in *Ryder Truck Rental*. Amerisure's policy provides excess coverage for the trailer under the "Other Insurance" provision. But Old Republic's "escape clause" trumps Amerisure's "Other Insurance" provision because the escape clause is considered "excess" insurance, even over another insurance company's excess clause, which is why an escape clause is also referred to as "excess over excess" insurance. *See Calder Race Course, Inc. v. Hialeah Race Course, Inc.*, 389 So. 2d 215, 216 (Fla. 3d DCA 1980) (noting that: "In Florida, where a conflict exists between an escape clause and an excess clause, the escape clause will be enforced").

Amerisure's position in this case is unavailing. Amerisure argues that the TLSA is inconsistent with Old Republic's policy to the extent that the TLSA requires primary coverage for both the tractor and the trailer. A review of the TLSA does not support this argument because the TLSA makes clear that its terms are exclusive to the *tractor*. Specifically, the TLSA refers to coverage for "the Vehicles". (Dkt. 1-3, p.7/11). When used with a capital "V", the term Vehicles is defined in the TLSA in section 1A. as "the Vehicles in Schedules A." (Dkt. 1-3, p. 5/11). The only "Vehicle" in Schedule A is the tractor involved in the underlying accident, which is described by its Serial Number, Ryder Unit No., and Date of Delivery. (Dkt. 1-3, p. 9/11). This is consistent with the entire TLSA, which uses the term "Vehicles" throughout. In other words, nothing in the TLSA supports Amerisure's argument that Ryder contractually agreed to provide coverage for the trailer. Amerisure's remaining arguments are similarly without merit.

In sum, the Court concludes that Old Republic has primary coverage on the tractor and Amerisure has primary coverage on the trailer. Accordingly, both carriers have a duty to defend in the underlying action.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Old Republic Insurance Company's Motion for Summary Judgment (Dkt. 23) is GRANTED.

2. Plaintiff Amerisure Insurance Company's Motion for Summary Judgment (Dkt. 25) is DENIED.

3. The Court declares that Amerisure must pay pro-rata with Old Republic for the defense and indemnity of their mutual insureds in the underlying lawsuit, including defense fees and costs already expended.

4. The Clerk of Court is directed to enter final judgment in favor of Defendant and against Plaintiff.

5. The Clerk of Court shall close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2652.MSJ.frm